Steven A. Nielsen
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

Isaac Rabicoff
(*Pro Hac Vice motion to be filed*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

*Attorneys for Plaintiff
Secure Cam, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **Secure Cam, LLC**, a Wyoming limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **DJI Technology, Inc.**, a California corporation, <br><br> Defendant. | PATENT <br><br> Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

Secure Cam, LLC ("Plaintiff") brings this complaint against DJI Technology, Inc. ("Defendant"). As its complaint against Defendant, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is an action under 35 U.S.C. § 271 for infringement of United States Patent No. 7,257,158 (the "'158 Patent").

## THE PARTIES

2. Plaintiff Secure Cam, LLC, is a Wyoming limited liability company having a

principal place of business at 30 N. Gould St. STE R, Sheridan, WY 82801.

3. Defendant DJI Technology, Inc. is a California corporation having a principal place of business at 201 South Victory Boulevard, Burbank, CA 91502. Defendant may be served via its registered agent, C T Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under United States Patent law.

5. This Court has personal jurisdiction over the Defendant because, *inter alia*, it is incorporated in the State of California; it maintains a regular and established place of business in the State of California; and continues to commit acts of patent infringement in the State of California including by making, using, offering to sell, and/or selling Accused Products within the State of California and this district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Defendant is subject to this Court's personal jurisdiction because, *inter alia*, Defendant resides in the Judicial District as it is incorporated in the State of California.

**FACTS**

7. Plaintiff is the owner, by assignment, of the '158 Patent, titled "System and Method for Remote Control of Surveillance Devices," which was duly and legally issued on February 24, 2004 by the United States Patent and Trademark Office ("USPTO").

8. A copy of the '158 Patent is attached to this Complaint as Exhibit A.

9. The claims of the '158 Patent are valid and enforceable.

**KNOWLEDGE OF INFRINGEMENT**

10. Plaintiff informed Defendant, by mail on May 11, 2018, that Defendant's Inspire 1

(the precursor product to Defendant's Inspire 2) covered by at least Claim 12 of the '158 Patent. Letter to Defendant, attached hereto as Exhibit B (enclosing the '158 Patent and claim chart as exhibits in this Letter).

11. Plaintiff described exactly how Defendant infringed through a preliminary claim chart and infringement analysis.

12. Defendant continued to sell the Inspire 1 after knowing they were infringing '158 Patent.

13. As of the date of filing, Defendant has continued to sell the Inspire 2 (a more recent model of the Inspire 1) after knowing doing so would infringe the '158 Patent.

**COUNT I: CLAIM FOR PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(A) ('158 PATENT)**

14. Plaintiffs hereby incorporates by reference the allegations of Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Claim 12 of the '158 Patent covers "a system for transmitting a real-time video and remote control commands over a digital network, said system comprising a transmitter containing one or more digitized frames of said real-time video being transmitted, the digital network connected to said transmitter, and one or more remote receivers connected to said network for receiving said video from said transmitter, wherein at least one of said receivers is configured to receive one or more control commands from a user, wherein said transmitter is configured to receive and interpret at least one of said control commands from said one of said receivers over said network, and wherein, upon interpretation of said control command, said transmitter dynamically changes the operation of said transmitter while said video is being transmitted, whereby said user can remotely control the operation of said transmitter in substantially real-time."

16. Defendant manufactures, imports into the United States, offers for sale, and/or

sells surveillance camera systems, which infringe at least Claim 12 of the '158 Patent ("Accused Product(s)").

17. Defendant's Accused Product(s) include, without limitation, the Inspire 2.

18. A claim chart comparing Claim 12 of the '158 Patent to the Accused Product(s) is attached as Exhibit C.

19. The Accused Product(s) include a system for transmitting a real-time video and remote-control commands over a digital network. *See* Ex. C, p. 1.

20. The Accused Product(s) include a transmitter containing one or more digitized frames of real-time video being transmitted. *See* Ex. C, p. 2.

21. The Accused Product(s) include the digital network connected to the transmitter. *See* Ex. C, p. 3.

22. The Accused Product(s) include one or more remote receivers connected to the network for receiving the video from the transmitter. *See* Ex. C, p. 4.

23. The Accused Product(s) include at least one of the receivers configured to receive one or more control commands from a user. See Ex. C, p. 5.

24. The Accused Product(s) include the transmitter configured to receive and interpret at least one of the control commands from one of the receivers over the network. *See* Ex. C, p. 6.

25. The Accused Product(s) include, upon interpretation of the control command, the transmitter dynamically changing the operation of the transmitter while the video is being transmitted. *See* Ex. C, p. 7.

26. The Accused Product(s) include the user remotely controlling the operation of the transmitter in real-time. *See* Ex. C, p. 8.

27. Each one of the elements included in the Accused Product(s), itemized in

4
Complaint with Jury Demand

paragraphs 15–22 above, is an element in Claim 12 of the '158 Patent.

28. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '158 Patent.

29. As a direct and proximate result of Defendant's infringement of the '158 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more claims of the '158 Patent, either literally or under the doctrine of equivalents;

B. A judgment requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '158 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty;

C. A judgment declaring this case exception within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorney's fees against Defendant that it incurs in prosecuting this action; and

D. Such other and further relief, at law or in equity, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Respectfully submitted,

/s/ Steven A. Nielsen
NIELSEN PATENTS
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

|   |   |
|---|---|
| 1 | /s/ Isaac P. Rabicoff |
| 2 | Isaac P. Rabicoff |

         /s/ Isaac P. Rabicoff
         Isaac P. Rabicoff
         (*Pro Hac Vice motion to be filed*)
         Rabicoff Law LLC
         73 W. Monroe St.
         Chicago, IL 60603
         (773) 669-4590
         isaac@rabilaw.com

**Counsel for Plaintiff**