Steven A. Nielsen
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

Isaac Rabicoff
(*Pro Hac Vice Motion to be Filed*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

**Attorneys for Plaintiff**
**Secure Cam, LLC**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Secure Cam, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DJI Technology, Inc.,**<br><br>**Defendant.** | **Case No. 5:19-cv-02640 - LHK**<br><br>**Patent Case**<br><br>**Jury Trial Demanded** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Secure Cam, LLC ("Secure Cam"), through its attorneys, complains of DJI Technology, Inc. ("DJI"), and alleges the following:

## PARTIES

1. Plaintiff Secure Cam, LLC is a corporation organized and existing under the laws of Wyoming that maintains its principal place of business at 30 N. Gould St. STE R, Sheridan, WY 82801.

2. Defendant DJI Technology, Inc. is a corporation organized and existing under the laws of California that maintains its principal place of business at 201 South Victory Boulevard, Burbank, CA 91502.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Secure Cam has suffered harm in this district.

## PATENT-IN-SUIT

7. Secure Cam is the assignee of all right, title and interest in United States Patent No. 7,257,158 (the "'158 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Secure Cam possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

**The '158 Patent**

8. The '158 Patent is entitled "System for transmitting video images over a computer network to a remote receiver," and issued 8/14/2007. The application leading to the '158 Patent was filed on 5/17/1999, which ultimately claims priority from provisional application number 60/085,818, filed on 5/18/1998. A true and correct copy of the '158 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '158 Patent is valid and enforceable.

**CLAIM 12 OF THE PATENT-IN-SUIT**

10. The asserted claim 12 recites the following:

| Claim 12 |
|---|
| A system for transmitting a real-time video and remote control commands over a digital network, said system comprising:<br><br>a) a transmitter containing one or more digitized frames of said real-time video being transmitted,<br><br>b) the digital network connected to said transmitter, and<br><br>c) one or more remote receivers connected to said network for receiving said video from said transmitter,<br><br>wherein at least one of said receivers is configured to receive one or more control commands from a user,<br><br>wherein said transmitter is configured to receive and interpret at least one of said control commands from said one of said receivers over said network, and<br><br>wherein, upon interpretation of said control command, said transmitter dynamically changes the operation of said transmitter while said video is being transmitted, whereby said user can remotely control the operation of said transmitter in substantially real-time. |

11. As noted in the section above, the Patent-in-Suit has a priority date of **May 18, 1998**.

**CLAIM 12 CAPTURES AN INVENTIVE CONCEPT, FURTHER DESCRIBED IN THE SPECIFICATION**

12. The Patent-in-Suit solves a technical problem in the prior art. Prior art video communication systems lacked any means by which to remotely supervise, communicate, or—mostly relevantly—dynamically interact with other people over long distances; the Patent-in-Suit tackles this very problem. See ’158 patent, 2:16-19 (“A method of and apparatus for transmitting video images preferably allows a specially trained individual to remotely supervise, instruct, and observe administration of medical tests conducted at remote locations.”); *see also id.*, 2:7-12.

13. The claimed video communication system is unconventional and captures this inventive concept, among others: allowing a “remote receiver” to issue “control commands” to a “transmitter”, “dynamically changing the operation of [that] transmitter” “in substantially real-time” *while* it transmits real-time video. *See*, e.g., ’158 patent, claim 12.

14. And the specification describes how this claimed inventive concept can be implemented. For example, how the “transmitter” achieves “real-time” video transmission to the “remote receiver(s)”. *See*, e.g., ’158 patent, 3:52-4:5; *see also* 5:8-49 (to avoid bandwidth issues in transmitting video, showing how to dynamically compress and transmit video in a real-time); *see also id.*, 10:19-55 (describing another embodiment of video compression: a look-up table representing software code used for compressing real-time video).

15. And, relatedly, the data structure of the “digitized frames” of real-time video sent by the “transmitter”. *See, e.g.*, ’158 patent, 10:56-11:28.

16. The specification also describes how the “remote receiver(s)” receive video information from the “transmitter” and “control the operation of said transmitter”. *See* ’158 patent, 6:10-27; *see also id.*, Fig 2.

**COUNT 1: INFRINGEMENT OF THE '158 PATENT**

17. Secure Cam incorporates the above paragraphs herein by reference.

18. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '158 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least DJI's Inspire 2 (among the "Exemplary DJI Products") that infringe at least exemplary claim 12 of the '158 Patent (the "Exemplary '158 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '158 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

19. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '158 Patent Claims, by having its employees internally test and use these Exemplary Products.

20. **Willful Infringement.** The filing the original Complaint upon Defendant, on May 15, 2019, constitutes actual knowledge of infringement as alleged here. And on May 11, 2018, prior to the filing of this complaint, Defendant received a letter with an attached claim chart imparting actual knowledge of the '158 Patent and that its Exemplary DJI Products and the products incorporating them are imported into, sold, offered for sale, and used in the United States. In addition to actual knowledge of the '158 Patent, prior to the filing of this complaint, DJI also had knowledge that the Exemplary DJI Products, and the use by consumers of those products, in the customary and intended manner, is likely to infringe the '158 Patent.

21. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '158 Patent. On information and belief, Defendant has also continued to sell the Exemplary DJI Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '158 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '158 Patent.

22. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '158 Patent, literally or by the doctrine of equivalence, by selling Exemplary DJI Products to their customers for use in end-user products in a manner that infringes one or more claims of the '158 Patent.

23. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '158 Patent, literally or by the doctrine of equivalence, by selling Exemplary DJI Products to their customers for use in end-user products in a manner that infringes one or more claims of the '158 Patent.

24. Exhibit 2 includes charts comparing the Exemplary '158 Patent Claims to the Exemplary DJI Products. As set forth in these charts, the Exemplary DJI Products practice the technology claimed by the '158 Patent. Accordingly, the Exemplary DJI Products incorporated in these charts satisfy all elements of the Exemplary '158 Patent Claims.

25. Secure Cam therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

26. Secure Cam is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

27. Under Rule 38(b) of the Federal Rules of Civil Procedure, Secure Cam respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Secure Cam respectfully requests the following relief:

A. A judgment that the '158 Patent is valid and enforceable;

B. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '158 Patent;

C. A judgement that Defendant has willfully infringed one or more claims of the '158 Patent, and that Plaintiff is entitled to treble damages;

D. An accounting of all damages not presented at trial;

E. A judgment that awards Secure Cam all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Secure Cam for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Secure Cam be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that Secure Cam be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Secure Cam be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: August 19, 2019

Respectfully submitted,

/s/ Steven A. Nielsen
Steven A. Nielsen
NIELSEN PATENTS
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

Isaac Rabicoff
(*Pro Hac Vice Motion to be Filed*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590

isaac@rabilaw.com

**Counsel for Plaintiff**
**Secure Cam, LLC**